UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES MARQUIS QUARTERMAN,

    Petitioner,

vs.    Case No. 2:11-cv-299-FtM-29DNF
    Case No. 2:08-cr-66-FtM-29DNF

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

    This matter comes before the Court on petitioner James Marquis Quarterman's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #146)[1] filed on May 17, 2011. Petitioner filed a Sworn Declaration (Cv. Doc. #7) on June 28, 2011. The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #8) on July 28, 2011. Petitioner thereafter filed a Reply (Cv. Doc. #9) on August 15, 2011. For the reasons set forth below,

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this Opinion and Order. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc." When citing transcripts, the Court will refer to the page number assigned by CM/ECF and not the page number in the right-hand corner of the transcript itself.

-1-

the motion is denied.

**I.**

On May 7, 2008, a federal grand jury in Fort Myers, Florida returned a two-count Indictment (Cr. Doc. #1) against James Marquis Quarterman (hereinafter "petitioner" or Quarterman), Willie James Powell (Powell), and Leroy Isom Howard (Howard). In Count One, all defendants were charged with distribution of an unspecified amount of cocaine base on or about April 15, 2008, and in Count Two all defendants were charged with possession with intent to distribute five grams or more of cocaine base on or about the same date. Defendant Powell died prior to trial. (Cr. Docs. ## 47, 49.) The government filed a Notice of Intention to Use Defendant's Prior Conviction to Enhance the Penalty for Count One and Two if the Indictment as to each remaining defendant (Cr. Docs. ## 64, 68) pursuant to 21 U.S.C. § 851, which increased the statutory maximum penalties due to defendants' prior felony drug convictions. Both defendants were found guilty of both counts by a jury. (Cr. Docs. ## 96, 97.)

On March 16, 2009, the Court sentenced petitioner to concurrent terms of one hundred twenty-five (125) months imprisonment as to each count, to be followed by one hundred twenty (120) months of supervised release. (Cr. Docs. ## 107, 108.) Defendant Howard was sentenced to concurrent terms of one hundred

twenty (120) months imprisonment as to each count, followed by 120 months of supervised release. (Cr. Doc. #109.)

Both defendants, through separate counsel, filed a Notice of Appeal (Cr. Docs. ## 110, 111). On April 8, 2010, the Eleventh Circuit Court of Appeals affirmed the convictions and sentences of each defendant. (Cr. Doc. #145; United States v. Howard, 373 F. App'x 21 (11th Cir. 2010).) Petitioner Quarterman timely filed his § 2255 motion (Cv. Doc. #1; Cr. Doc. #146) on May 17, 2011. The Court thereafter reduced petitioner's sentence to 120 months imprisonment pursuant to a motion filed under 18 U.S.C. § 3582(c)(2). (Cr. Docs. #159, 160.)

## II.

Because petitioner is proceeding *pro se*, his pleadings will be liberally construed by the Court. See Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). Read liberally, petitioner's § 2255 motion sets forth the following claims: (1) Trial counsel provided ineffective assistance by failing to present a "mere presence" defense during trial; (2) appellate counsel provided ineffective assistance by failing to raise a sufficiency of the evidence issue based upon "mere presence"; (3) trial counsel provided ineffective assistance by failing to exploit the audio and video recordings of the transaction made by the government, which established petitioner's actual innocence due to his mere presence at the scene; (4) trial counsel provided ineffective assistance by

-3-

failing to properly convey the government's plea offer to petitioner prior to trial and for misadvising petitioner regarding the conditions and consequences of pleading guilty; (5) trial counsel provided ineffective assistance by failing to be familiar with the laws regarding sentencing exposure faced by petitioner if he pled guilty instead of proceeding to trial; (6) trial counsel provided ineffective assistance by failing to request severance of trial from co-defendant Howard; (7) trial counsel for co-defendant Howard provided ineffective assistance by conceding petitioner's guilt in closing argument in an effort to exculpate co-defendant Howard; and (8) trial counsel provided ineffective assistance by violating the attorney-client privilege by sharing correspondence with the government and a magistrate judge, which resulted in the government filing a retaliatory Section 851 Notice seeking enhanced penalties.

**A. Evidentiary Hearing**

A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . " 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (internal quotation marks and citation omitted). However, a

"district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." Id. at 715. See also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008). Here, when viewing the facts and the record in a light most favorable to petitioner, petitioner has failed to establish his entitlement to relief. Therefore, the Court finds that an evidentiary hearing is not warranted in this case.

**B. Ineffective Assistance of Counsel Principles**

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). Generally, a court first determines whether counsel's performance fell below an objective standard of reasonableness, and then determines whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Padilla v. Kentucky, 130 S. Ct. 1473, 1482 (2010). A court need not address both prongs of the Strickland test, however, if a petitioner makes an insufficient showing as to either prong. Dingle v. Sec'y for the Dep't of Corr., 480 F.3d 1092, 1100 (11th Cir. 2007); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

"As to counsel's performance, 'the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices.'" Reed v. Sec'y, Fla. Dep't of Corr., 593 F.3d 1217, 1240 (11th Cir. 2010) (quoting Bobby v. Van Hook, 130 S. Ct. 13, 17 (2009)), cert. denied, 131 S. Ct. 177 (2010). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is highly deferential, and the court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010); Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

To establish prejudice under Strickland, petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation marks omitted). "Rather, the petitioner must show that there is a

-6-

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (internal quotation marks and citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

The same deficient performance and prejudice standards apply to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Roe v. Flores-Ortega, 528 U.S. at 476-77. If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice. Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997). Nonmeritorious claims which are not raised on direct appeal do not constitute ineffective assistance of counsel. Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

**C. Specific Claims**

For the reasons set forth below, the Court finds that the claims raised by petitioner are without merit. Therefore, his § 2255 motion is denied.

**(1) "Mere Presence" Related Claims**

Petitioner essentially raises three claims relating to the "mere presence" issue: Petitioner contends that (a) trial counsel was ineffective for failing to raise a "mere presence" defense

-7-

during the course of trial; (b) trial counsel failed to exploit the audio and video recordings of the transaction, which showed his mere presence and therefore established his actual innocence of the crimes; and (c) appellate counsel failed to argue there was insufficient evidence based upon a mere presence theory. The record establishes that all three claims are without merit.

Contrary to petitioner's claim, his trial counsel did present a "mere presence" defense, and did extensively utilize the audio and videotapes to support that defense. Prior to the commencement of jury selection, counsel stated that "[t]he videotape would be subject to acquittal if the case was just based on the videotape as it relates to my client." (Cr. Doc. #125, p. 5.) The Court heard extensive argument from counsel on the admissibility of the videotapes. (Id., pp. 31-46.) Additionally, petitioner's counsel began his opening statement by referring to the government's audio and videotapes and asserting that they would establish that petitioner did nothing in connection with the charged drug transactions. (Cr. Doc. #126, pp. 26-29). Similarly, Howard's counsel stated that the evidence would establish his client's innocence (id., pp. 29-31). Petitioner's counsel cross-examined a government witness, Edward Quinn of the Fort Myers Police Department, regarding the video and audio recordings (id., pp. 52-53), and the failure of certain officers to see petitioner do anything unlawful (id., pp. 60-61). Petitioner's counsel's cross-

examination of the undercover officer, Michael Forbes of the Fort Myers Police Department, focused extensively on the videotapes (id., pp. 139-153), and the officer's failure to see petitioner do anything unlawful (id., pp. 154-156). Petitioner's counsel moved for a judgment of acquittal based on insufficient evidence that petitioner committed a crime, focusing on the video evidence. (Id. at 251-253.) In closing argument, defense counsel argued that there was insufficient evidence to convict petitioner because petitioner had done nothing wrong and was merely present at the scene, specifically referencing the mere presence jury instruction given by the court. (Cr. Doc. #127, pp. 63-80.)

Additionally, appellate counsel raised the issue of the sufficiency of the evidence on direct appeal. See United States v. Howard, 373 F. App'x 21, 26 (11th Cir. 2010). Given the record developed before the trial court, this obviously included the mere presence argument asserted before the trial court. The Eleventh Circuit, after reviewing the evidence, found that there was sufficient evidence for a reasonable jury to find that petitioner was guilty on both counts. Id. at 26. Thus, the record refutes petitioner's claims of ineffective assistance of counsel by either trial or appellate counsel as relates to the mere presence issues.

### (2) Failure to Properly Convey and Advise of Plea Offer

Petitioner contends that his trial counsel provided ineffective assistance by misadvising petitioner as to the

conditions and consequences of pleading guilty, as opposed to proceeding to trial. Petitioner alleges that he was told by counsel that he had to cooperate against his co-defendant in order to plead guilty, and that a guilty plea would result in the same potential ten year sentence as if he went to trial and was convicted. Petitioner asserts he has recently learned he did not have to cooperate to plead guilty, and that had he pled guilty prior to the government's 21 U.S.C. § 851 Notice being filed, he would have received a sentence far less than 10 years. Petitioner claims that even if he pled guilty after the government's filing of the Notice, he still would have received a lesser sentence than what he is currently serving. Petitioner asserts that he should have been advised that "(1) he did not have to cooperate in order to plead guilty; (2) a guilty plea would not have resulted in the same sentence faced after proceeding to trial and losing; and (3) a guilty plea would have resulted in a lesser sentence than that faced from proceeding to trial and being convicted. . . ." (Cv. Doc. #1, p. 6.) Petitioner also asserts his trial attorney was ineffective because he was not familiar with the laws regarding different sentencing issues for if he pled guilty or if he went to trial.

It is certainly true that a criminal defendant has a Sixth Amendment right to effective assistance of counsel during plea discussions with the government, Missouri v. Frye, 132 S. Ct. 1399

(2012); Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012), and has a Sixth Amendment right to have formal plea offers from the government communicated accurately by counsel. Frye, 132 S. Ct. at 1408. A defendant has no constitutional right, however, to receive a plea offer from the government. Weatherford v. Bursey, 429 U.S. 545, 560-61 (1977); United States v. Pleasant, 730 F.2d 657, 664 (11th Cir. 1984). An offer by the government for a guilty plea can include the requirement that defendant testify against a co-defendant, and a defendant has no right to insist on a plea offer without agreeing to comply with the obligation to testify. Therefore, defense counsel did not provide incorrect advise by telling defendant that a government offer, which included a cooperation requirement, would require such cooperation.

A criminal defendant can plead guilty to all charges without a plea agreement with the government, thus skirting the obligation to cooperate. This option was not available to petitioner, however, because petitioner always maintained he was not guilty because he was not involved in the charged transactions. Thus, in an August 25, 2008 letter attached to a Motion for Withdrawal (Cr. Doc. #57), petitioner sought to dismiss his former appointed attorney, saying "its obvious you dont [sic] know whats [sic] best for me. . . I stress my innocents [sic] to you by telling you I did nothing and you basically tell me in so many words that Im lying... I tell you Im not pleading out but you steady try coercing me into

signing a plea from the government." (Cr. Doc. #57, p. 3)(ellipses in original). Indeed, the Sworn Declaration of Petitioner (Cv. Doc. #7) states that "I was merely present at the residence where the underlying drug transaction took place, and did not have any participation, role, and/or hand in the execution of the drug transaction." (Cv. Doc. #7, ¶ 1.) As the court cannot accept a guilty plea from a defendant without a factual basis as to why he is guilty, this argument is without merit. Fed. R. Crim. P. 11(b)(3).

Finally, without cooperation by petitioner, the sentence would have had the same statutory mandatory minimum whether defendant pled guilty or was convicted at trial. Prior to the September 23, 2008 filing of the Section 851 Notice (Cr. Doc. #64), petitioner steadfastly maintained his innocence, requested the attorney withdraw, and rejected any plea agreement from the government (Cr. Doc. #57). New counsel filed a Notice of Appearance (Cr. Doc. #63) on the same date as the Section 851 Notice was filed. After the § 851 Notice, the statutory mandatory minimum was ten years imprisonment. See 21 U.S.C. § 841(b)(1)(B). "It is well-settled that a district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f)." United States v. Castaing-Sosa, 530 F.3d

-12-

1358, 1360-61 (11th Cir. 2008)(citing United States v. Clark, 274 F.3d 1325, 1328 (11th Cir. 2001); United States v. Simpson, 228 F.3d 1294, 1302-03 (11th Cir. 2000)). Petitioner refused to cooperate, and therefore was not eligible for a substantial assistance motion even if he had pled guilty. Additionally, petitioner did not qualify for the safety-valve relief because of his several prior drug felony convictions. 18 U.S.C. § 3553(f)(1).

The Court finds that the record establishes no ineffective assistance of counsel in connection with any plea offers. The Petition is denied as to these grounds.

**(3) Failure to Request Severance**

Petitioner contends that trial counsel was ineffective for failing to request a severance from co-defendant Howard. Petitioner argues that a severance was necessary because of Howard's antagonistic defenses and petitioner's desire to call Howard to testify regarding petitioner's mere presence at the location of the alleged drug transaction. Petitioner also asserts that Howard's attorney provided unethical and ineffective assistance to petitioner by asserting petitioner's guilt in closing argument.

Defendants alleged to have participated in the same act or transaction constituting an offense are usually tried together. Fed. R. Crim. P. 8; United States v. Lopez, 649 F.3d 1222, 1233 (11th Cir. 2011). "There is a preference in the federal system for

joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537(1993); Lopez, 649 F.3d at 1233. However, a severance of defendants for trial may be granted if the joinder may prejudice a defendant. Fed. R. Crim. P. 14. A defendant seeking a severance must carry the 'heavy burden' of demonstrating the 'compelling prejudice' that would result from a joint trial. United States v. Browne, 505 F.3d 1229, 1268 (11th Cir. 2007)(citations omitted). Severance is not required just because co-defendants have conflicting defenses. See Zafiro, 506 U.S. at 538 ("Mutually antagonistic defenses are not prejudicial per se.") "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539.

Petitioner and co-defendant Howard were jointly indicted for participating in common drug transactions on or about April 15, 2008. (Cr. Doc. #1.) Defendants were properly joined under Rule 8, and the issue becomes whether counsel was ineffective for failing to seek a severance under Rule 14.

Petitioner's counsel presented the defense that there was insufficient evidence to convict petitioner (Cr. Doc. #127; pp. 71-72), and that petitioner was not guilty of the charged offenses

-14-

even if the jury found that his client was knowingly in the presence of drugs (id., p. 69). Howard's counsel argued that Howard was not involved in any transaction with the undercover officer and the other defendants, and that there was no proof he was given the drugs by Quarterman to hand to the undercover officer. (Id., pp. 83-86.) The Court concludes that the defenses and arguments presented were not so antagonistic to one another as to create undue, compelling prejudice to either defendant. Therefore, there was no ineffective assistance of counsel for failing to seek severance.

Petitioner further contends that statements made by co-defendant Howard's counsel during closing argument attempted to shift all of the blame on petitioner, causing him undue prejudice. However, "[t]he Supreme Court has held that co-defendants do not suffer prejudice simply because one co-defendant's defense directly inculpates another, or it is logically impossible for a jury to believe both co-defendants' defenses." Puiatti v. McNeil, 626 F.3d 1283, 1316 (11th Cir. 2010), cert. denied, 131 S. Ct. 3068 (U.S. 2011)(quoting United States v. Blankenship, 382 F.3d 1110, 1125 (11th Cir. 2004)). The arguments by Howard's attorney in closing were not so antagonistic to petitioner as to cause him to suffer undue prejudice. Additionally, Howard's attorney had no attorney-client relationship with petitioner, and his closing argument on behalf of Howard did not constitute ineffective assistance for

which petitioner can state a claim. Therefore, the Court finds this contention to be meritless.

Petitioner further alleges that he would have had co-defendant Howard testify on his behalf had a severance been granted. However, "[w]here a defendant argues for severance on the ground that it will permit the exculpatory testimony of a co-defendant, he 'must show: (1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the codefendant would indeed have testified at a separate trial.'" United States v. Cobb, 185 F.3d 1193, 1197 (11th Cir. 1999)(citations omitted). Petitioner does not satisfy these requirements. Petitioner simply alleges that he would have called Howard to testify that Petitioner was merely present at the scene of the alleged drug transaction. (Cv. Doc. #1; p. 8.) This conclusory statement is simply insufficient to justify a severance. See, e.g., United States v. Smith, 918 F.2d 1551, 1561 (11th Cir. 1990)(District court did not abuse its discretion in denying severance motion as to one defendant where motion for severance and accompanying affidavit failed to specify which co-defendants' testimony would exonerate defendant, the substance of such testimony, the exculpatory nature and effect of the testimony, or whether the co-defendant would testify if severance were granted). This is especially true in light of Howard's same argument that he would have had Quarterman

testify on his behalf regarding Howard being "merely present" and Quarterman being "more of a harm to societal interests." (Case No. 2:11-cv-298-FTM-29DNF, Doc. #1, p. 7.) Therefore, petitioner's counsel was not ineffective for failing to seek a severance based on co-defendant's potential testimony. Similarly, in Howard's Sworn Declaration (id., Doc. #7), Howard states he would have testified on behalf of petitioner that "Officer Forbes perjured himself by testifying that Quarterman was processing drugs and/or handed drugs to the seller of the narcotics on the porch" (id., Doc. #7, ¶ 10). This too is insufficient to justify a severance.

**(4) Violation of Attorney-Client Privilege**

Petitioner wrote a letter to his former counsel expressing dissatisfaction with counsel and requesting that counsel file a motion to withdraw. Former counsel then filed a motion to withdraw, attaching petitioner's letter to demonstrate that there had been a breakdown in the attorney-client relationship. (Cr. Doc. #57.) Former counsel was permitted to withdraw, new counsel was appointed, and it was new counsel who represented petitioner at trial. (Cr. Doc. #63.) Petitioner claims that former counsel violated the attorney-client privilege by sharing the correspondence with the government and a magistrate judge. Petitioner further alleges that as a result of sharing the letter, the government then decided to file a retaliatory Notice seeking enhanced penalties pursuant to 21 U.S.C. § 851.

Former counsel did not disclose any confidential information. In order to determine whether a particular communication is confidential and protected by the attorney-client privilege, the privilege holder (petitioner) must prove the communication was "(1) intended to remain confidential and (2) under the circumstances was reasonably expected and understood to be confidential." United States v. Bell, 776 F.2d 965, 971 (11th Cir. 1985). Here, it is clear that petitioner's letter was not intended to remain confidential and was not reasonably expected or understood to be confidential. The letter revealed no confidential communications, stresses petitioner's innocence, and requests that counsel file a motion for withdrawal. Petitioner anticipated a motion to withdraw being filed, requested a copy of the motion, and knew or should have known that the contents of the letter would have to be disclosed to establish the basis for counsel to be allowed to withdraw.

Additionally, the record establishes that the filing of the Section 851 Notice was not caused by the disclosure of petitioner's letter or its contents. The government noted petitioner's eligibility for the Section 851 enhancement as early as the detention hearing. (Cr. Doc. #37, p. 1.) The government also filed a Section 851 Notice as to co-defendant Howard, whose attorney had not sought to withdraw. The Court finds petitioner's contentions of ineffective assistance of counsel as well as

retaliation and vindictiveness on the part of the government to be unfounded and contradicted by the record.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DENIED** as to all claims for the reasons set forth above.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of July, 2012.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Petitioner
Counsel of record